```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                CRIMINAL NOS. 1:10-00185
                                                1:10-00186

PAUL WINEBUSH


### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's letter motion asking that counsel be appointed to determine whether he is entitled to relief under <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed.2d 569 (2015). (ECF No. 425). For the reasons explained below, that motion is **DENIED**.

On June 26, 2015, the United States Supreme Court issued its decision in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed.2d 569 (2015). In <u>Johnson</u>, the Supreme Court considered a provision of the Armed Career Criminal Act (hereinafter the "ACCA" or "the Act") that provides for a sentencing enhancement for a felon possessing a firearm when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable:

> by imprisonment for a term exceeding one year . . . that
>
> 1. has as an element the use, attempted use, or threatened use of physical force against the person of another; or

>    2.   is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C. § 924(e)(2)(B) (emphasis added). The bolded portion of this definition has come to be known as the Act's "residual clause." In Johnson, the Supreme Court held that the residual clause is unconstitutionally vague and that imposing an increased sentence thereunder violates due process. 135 S. Ct. at 2555-63.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether Johnson applies retroactively to the sentences of defendants whose judgments had previously become final. Welch v. United States, 136 S. Ct. 790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that Johnson changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

On June 8, 2016, the United States Court of Appeals for the Fourth Circuit decided In re Creadell Hubbard, ___ F.3d ___, 2016 WL 3181417 (4th Cir. June 8, 2016), granting a request for authorization to file a second or successive section 2255 motion

filed by a petitioner seeking to challenge his career offender enhancement under the Sentencing Guidelines based upon <u>Johnson</u>.[*]

In the instant case, although Winebush was determined to be a career offender he received a variance sentence. However, as the Presentence Report makes clear, the predicate offenses underlying Winebush's career offender status were controlled substance offenses. <u>See</u> Paragraph 136 of Presentence Report (ECF No. 319). Accordingly, Winebush is not entitled to relief under <u>Johnson</u>. <u>See</u> <u>York v. United States of America</u>, Case No. 16-cv-00679-JPG, 2016 WL 3541413, *1 (S.D. Ill. June 29, 2016) ("Two qualifying drug convictions were predicate offenses which do not involve the residual clause struck down by the <u>Johnson</u> decision. As such, Ms. York is not entitled to receive any relief pursuant to <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) or any other argument presented as it relates to the career offender enhancement."); <u>Motley v. United States of America</u>, No. 16-02140, 2016 WL 3030220, *2 (C.D. Ill. May 26, 2016) (denying § 2255 motion under Johnson where movant was "classified as a career

---

[*] The majority of circuit courts that have addressed the issue have concluded that <u>Johnson</u> provides a basis for authorization of a successive section 2255 challenging the career offender enhancement provisions of the Sentencing Guidelines. <u>See</u> <u>In re Robinson</u>, No. 16-11304-D, ___ F.3d ___, 2016 WL 1583616, at *2 n.2 (11th Cir. Apr. 19, 2016) (noting that every circuit except the Eleventh has held or assumed <u>Johnson</u> applies to the Sentencing Guidelines).

offender based on two controlled substance offenses"). Based on the foregoing, defendant's motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to defendant and counsel of record.

**IT IS SO ORDERED** this 6th day of July, 2016.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge