```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                             CRIMINAL ACTION NO. 1:10-00185-01

PAUL WINEBUSH

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendant's letter-form motion for compassionate release, (ECF No. 432), and the government's Motion to Authorize Payment from Inmate Trust Account. (ECF No. 433.)  Defendant requests compassionate release in light of the COVID-19 pandemic.  (ECF No. 432.)  The government requests that this court enter an Order, pursuant to 18 U.S.C §§ 3613(a) and 3664(n), authorizing the Bureau of Prisons ("BOP") to turnover to the Clerk of Court all funds held in defendant's inmate trust account as payment for his fine obligations.  (ECF No. 433.) The court **DENIES** defendant's motion for compassionate release, and **GRANTS** the government's motion, for the following reasons.

I.   Background

The defendant was convicted on one count of conspiracy to distribute a quantity of marijuana for remuneration, in violation of 21 U.S.C. § 846.  (ECF No. 307.)  On June 22, 2011, this court sentenced defendant to a total of fifteen years imprisonment and eight years of supervised release.  (Id.)  This

court also ordered defendant to pay a $100.00 special assessment and a $5,000 fine.  (See id.)

According to the government, defendant to date has paid the special assessment and a total of $855.00 towards the fine. (ECF No. 433.)  The current balance owed for the fine is $4,221.26, with interest not having been waived.  (Id.)  The defendant is currently in federal custody and is currently assigned to the Butner FCI in Butner, North Carolina.  (Id.)

The government recently learned that defendant maintained substantial funds in his inmate trust account maintained by the BOP.  (Id.)  The government seeks entry of an order authorizing the BOP to turnover $820.06 of these funds as payment towards defendant's outstanding fine obligations.  (ECF No. 433-2.)  The government argues that the requested relief is appropriate in this instance where the defendant has accumulated significant funds in his inmate trust account yet has only applied minimum payments towards his criminal fine obligation.  (ECF No. 433.)

**II. Analysis**

    **a. Compassionate Release**

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons."  18 U.S.C § 3582(c)(1)(A)(i).  The court has reviewed defendant's motion and the record, and finds no extraordinary or compelling reasons to grant defendant's request.  Furthermore,

the government states that defendant's Case Manager concluded that defendant is ineligible for compassionate release under current BOP and recent COVID-19 CARES Act guidance. (See ECF No. 433.) Therefore, defendant's motion is **DENIED**.

### b. Payment from Inmate Trust Account

The purpose of an inmate trust account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. See 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources may deposit funds for the benefit of the inmate into these accounts. Id. § 506.1. Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. Id. § 540.23.

Pursuant to 18 U.S.C. § 3613, the government may enforce criminal monetary penalties, such as restitution and criminal fines, "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §§ 3613(a). The statute also provides that a sentence imposing a fine constitutes a lien in favor of the government against all of a defendant's property and rights to property. 18 U.S.C. § 3613(c). Thus, the government's lien would attach to defendant's interest in funds held by the BOP in his inmate trust account. See id. § 3613(a) (government enforces fines against all non-exempt property and rights to property of the

3

defendant); id. § 3664(m) (government may use all available and reasonable means to collect fines).

It is true that inmates have a property interest in their money. See, e.g., Jensen v. Klecker, 648 F.2d 1179, 1183 (8th Cir. 1981). To satisfy fine payments, however, courts in this circuit have authorized access to cash located in a defendant's inmate trust account. See, e.g., United States v. Hill, 2017 WL 2964016 (E.D.N.C. May 24, 2017), aff'd, 706 Fed. App'x 120 (4th Cir. 2017); United States v. Busack, 2016 WL 1559599 (N.D.W. Va. Apr. 18, 2016), aff'd, 670 Fed. App'x 810 (4th Cir. 2016).

Upon review of the government's motion, the court concludes that an order authorizing the turnover of defendant's property is appropriate here. The funds at issue currently are in the government's possession and the government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. See 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Accordingly, defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of his outstanding fine amount.

The court makes one limitation in granting the government's motion: the BOP is to turn over all funds in defendant's inmate trust account to the Clerk of Court, less $100.00. Therefore,

defendant should retain $100.00 in his inmate trust account. This is so that defendant possesses some funds to make purchases while incarcerated and to pay his quarterly criminal assessments.

This Order granting the government's motion does not constitute a change to the payment terms set by this court at defendant's sentencing.  Defendant is still required to pay the remainder of his fine obligations at a minimum of $25.00 per quarter while he remains incarcerated; all that has changed is now his criminal fine obligation is reduced by the $720.06 taken from his inmate trust account and paid toward his fine obligation.

### III. Conclusion

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release, (ECF No. 432), and **GRANTS** the government's motion.  (ECF No. 433.)  The court therefore **ORDERS** that the Bureau of Prisons is authorized to turnover to the Clerk of Court, and the Clerk of Court shall accept, $720.06 in funds currently held in the trust account for the following inmate: Paul Winebush, Register No. 10305-088.  The Clerk shall apply these funds as payment for the criminal fine owed by the defendant in this case.

The Clerk is directed to send a copy of this Order to counsel of record, unrepresented parties, the Trustee at Butner FCI, and the Probation Office of this court.

It is SO ORDERED this 15th day of May, 2020.

ENTER:

David A. Faber
Senior United States District Judge